# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Fisher, being duly sworn according to law, depose and state as follows:

## INTRODUCTION

1. Your Affiant is a law enforcement officer of the United States, and under 18 U.S.C. § 3051. Your Affiant is empowered by the Attorney General to conduct investigations, enforce criminal, seizure, and forfeiture provisions of the laws of the United States, carry firearms, serve warrants and subpoenas issued under the authority of the United States, make arrests without a warrant for any offense against the United States committed in my presence, and make arrests for a felony offense under the laws of the United States if there are reasonable grounds to believe that the person to be arrested has committed or is committing such a felony.

2. Your Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and has been since March 2018. Your Affiant has completed ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant is familiar with Federal criminal laws regarding firearms, arson, and explosives. Your Affiant was previously employed as a Special Agent with the Drug Enforcement Administration (DEA), beginning September 2009. Your Affiant completed the DEA Academy at Quantico, VA, which involved 19 weeks of training in controlled substance distribution and trafficking investigations. Your Affiant received training on topics such as drug identification, money laundering techniques, patterns of drug distribution and trafficking, the exploitation of telecommunication devices utilized by drug traffickers, Federal law pertaining to violations of controlled substances, and drug distribution and trafficking conspiracy investigations.

3. Your Affiant has conducted numerous investigations involving the possession, distribution, and trafficking of controlled substances, in addition to the concealment of illicit

proceeds from the sale of the controlled substances, violation of Federal firearms and explosives laws, and use of firearms in furtherance of drug trafficking. In conducting these investigations, your Affiant has utilized a variety of investigative techniques and resources, including but not limited to surveillance, confidential informants, electronic surveillance, exploitation of telephone and social media data, the interception of wire communication under Title III, interviews, and the review of financial documents.

4. The facts contained in this Affidavit are based upon my personal knowledge of the investigation, in addition to general knowledge, training, and experience, and the observations, knowledge, training, and experience of other officers and agents. All observations referenced below that were not personally made by me, were relayed to me by those who made such observations, either verbally or via reports written by those agents and/or officers.

5. This Affidavit contains information necessary to support probable cause for this application. It is not intended to include every fact and matter observed by law enforcement or known to the government.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. Section 922(g)(1)- Felon in Possession of a Firearm and Ammunition, was committed by Rashad WATSON.

## PURPOSE OF THE AFFIDAVIT

7. Special Agents employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives and Portage County Ohio Sheriff's Deputies have been investigating the illegal possession of firearms by WATSON. The investigation has focused on the possession of firearms and/or ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

8. This Affidavit is made in support of a criminal complaint to arrest Rashad WATSON for evidence of violations of Title 18 U.S.C. § 922(g)(1), Possession of Firearms by a Convicted Felon

**FACTS ESTABLISHING PROBABLE CAUSE**

9. On October 5, 2026, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) John Fisher initiated an investigation into the violation of federal firearm laws by Rashad WATSON who is prohibited from possession of firearms and ammunition. SA Fisher's review of WATSON's criminal history revealed WATSON was convicted of Criminal Homicide (F1), Aggravated Assault (F1), and Conspiracy-Criminal Homicide (F1) in Allegheny County Pennsylvania Court of Common Pleas Case CP-02-CR-0004193-2013.

10. SA Fisher reviewed Portage County Ohio Sheriff's Office (PCSO) Deputy Paolucci's written incident report, vehicle camera footage, and body worn camera footage of WATSON's vehicle stop, interview and arrest to write this criminal complaint.

11. On August 14, 2026, at approximately 6:22 PM, PCSO Sheriff's Deputy Paolucci observed a white 2025 Chevy Trail Blazer (Michigan plate/ 26067RF) traveling east bound on Ohio Interstate 80 near Freedom, Ohio. PCSO Deputy Paolucci witnessed the Trail Blazer exceeding the posted speed limit in addition to conducting an illegal lane change and initiated a traffic stop of the vehicle.

12. PCSO Deputy Paolucci identified the driver and sole occupant of the Trail Blazer as Rashad WATSON via WATSON's Ohio Driver's License. WATSON stated to the deputy that he was driving from Cleveland, Ohio to Pittsburg, Pennsylvania where WATSON grew up. WATSON admitted to exceeding the speed limit. PCSO Deputy Paolucci, while identifying the

driver and collecting required documentation from WATSON, noticed the strong smell of marijuana emanating from the Trail Blazer.

13. PCSO Deputy Paolucci asked WATSON if any firearms were present in the vehicle and WATSON stated there were none. PCSO Deputy Paolucci requested WATSON to step out of the Trail Blazer and take a seat in the rear bench seat of the Deputy's vehicle. PCSO Deputy Paolucci noted that WATSON was uncooperative and had to be ordered to exit his Trail Blazer numerous times.

14. After PCSO Deputy Paolucci read WATSON his Miranda Rights wavier, WATSON stated that there was a small sack of weed in the vehicle and explained that WATSON's girlfriend had been smoking marijuana next to the Trail Blazer an hour prior to the stop which may have produced the marijuana smell.

15. WATSON stated to PCSO Deputy Paolucci that he had just completed eleven years in prison (beginning in 2012) for homicide with a firearm and informed PCSO Deputy Paolucci that he was on parole. WATSON stated that he hid the bag of marijuana in the center console during the traffic stop and at that point discovered that there was a firearm in the vehicle. WATSON stated that his DNA would be on the firearm because he grabbed the firearm while hiding the marijuana. WATSON then offered PCSO Deputy Paolucci $5,000.00 to allow him to leave.

16. WATSON identified the white Chevy Trail Blazer as a rental vehicle that WATSON rented from a location in Cleveland, Ohio one hour prior to PCSO Deputy Paolucci conducting his traffic stop.

17. PCSO Deputy Paolucci executed a probable cause search of WATSON's Trail Blazer locating a loaded silver and black Smith and Wesson, Model: SW40VE, 40 Caliber,

Semiautomatic pistol, S/N; RAW0729, with thirteen (13) rounds of Smith and Wesson 40 caliber ammunition (one round loaded in the chamber) in the center console of the vehicle.

18. PCSO Deputy Paolucci noted he was unable to locate the small sack of marijuana WATSON stated he placed in the center console of the Trail Blazer during the traffic stop.

19. PCSO Deputy Paolucci ran the 40 Caliber, Semiautomatic Smith and Wesson pistol in LEADS and identified that the firearm was listed as stolen by the Verona Police Department, Verona, Pennsylvania on April 15, 2015.

20. WATSON stated to PCSO Deputy Paolucci that he hid buprenorphine strips, a schedule III-controlled substance in his underwear. Three 2mg buprenorphine strips were later located when WATSON was searched while being booked into the jail. WATSON stated he had a prescription for the buprenorphine strips but was unable to locate or provide it.

21. PCSO Paolucci arrested WATSON for having weapons under disability, improper handling of a firearm, receiving stolen property, possession of a controlled substance, and obstructing official business.

## CONCLUSION

22. Based on my training and experience, Your Affiant believes and asserts there is probable cause to believe Rashad WATSON violated Title 18 U.S.C. § 922(g)(1), that is Felon in Possession of a Firearm and Ammunition.

23. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge, information, and belief.

24. The above violations were committed in the Northern District of Ohio, Eastern Division. Your Affiant requests that an arrest warrant be issued for Rashad WATSON.

John Fisher
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me via telephone, per Federal Rule of Criminal Procedure 4.1, on November 9, 2026.

Carmen Henderson
United States Magistrate Judge